432 So.2d 1025 (1983)
STATE of Louisiana
v.
John Paul DIXON.
No. 82-KA-1098.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Joseph W. Cole, Jr., Asst. Dist. Atty., Ventress, for plaintiff-appellee.
John M. Bemiss, Jr., Public Defender, Port Allen, and Jack Bride, Public Defender, Sunshine, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Defendant John Paul Dixon was charged by bill of information with armed robbery under R.S. 14:64. After trial by a jury, defendant was found guilty of simple robbery *1026 and sentenced to three and one-half years in prison. He appeals.

BACKGROUND FACTS
On the morning of June 21, 1981, Dixon, Gary Montgomery, and his brother, Wayne Montgomery, were traveling from Baton Rouge to Lettsworth, Louisiana, located in Pointe Coupee Parish. They stopped at a convenience store along the way and Dixon and Gary went inside.
While Dixon was at the counter paying for some candy, Gary walked up alongside, flashed a fake police badge and said, "This is the law." Angelina Swift, the store's cashier, testified that she initially thought Gary was arresting defendant. At this point, Dixon left the counter and started towards the door. As Dixon reached the door and exited, Gary pulled a gun on Swift and proceeded to rob the store of approximately $75.00. Gary then returned to the car, and all three drove off.

SPECIFICATIONS OF ERROR
On appeal, Dixon alleges three specifications of error, which will be considered in turn:
(1) The trial court erred in overruling an objection made by defendant.
(2) The trial court erred in denying defendant's motion for new trial.
(3) The trial court imposed an excessive and improper sentence.

ASSIGNMENT OF ERROR NO. 1
As this assignment was neither briefed nor argued before this court, it is considered abandoned. State v. Gardette, 352 So.2d 212 (La.1977).

ASSIGNMENT OF ERROR NO. 2
Subsequent to the trial, Dixon filed an application for a new trial on the ground that the verdict was based on insufficient evidence. Dixon contends that the evidence fails to establish he had personal knowledge that a robbery was going to occur, and therefore, he cannot be considered a "principal" to the robbery by Gary Montgomery under R.S. 14:24.
When reviewing the sufficiency of the evidence to support a conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the element to be proved is sought to be established by circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. R.S. 15:438. Thus, in order to confirm a conviction based on circumstantial evidence, a reviewing court must determine that after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981).
In this case, circumstantial evidence was offered to establish Dixon's knowledge of the robbery and his requisite intent. This evidence consists of Dixon's voluntary statement, and the trial testimony of Dixon and Swift.
The pertinent part of Dixon's statement reads:
"... Gary got out of the car and started walking to the Gulf station at the end of the hospital road. I followed Gary and I bought some peppermint candy and Gary asked me if I wanted some beer and I told him no. Gary pulled a badge. I heard Gary tell the lady this is the law. I left the store, but before when Gary was in the store I saw the pistol in Gary's belt on his right side. I was in my car and Gary told me let's go. Gary told me he had $75.00 and that he had just robbed a lady in the store...."
Neither his statement nor his subsequent trial testimony reveal that Dixon had prior knowledge of the robbery or the requisite intent. Moreover, Swift's testimony also fails to establish that Dixon was aware of the robbery before exiting the store. Even *1027 after viewing this evidence in a favorable light to the prosecution, we cannot say that a rational trier of fact could have concluded that every reasonable hypothesis of innocence had been excluded beyond a reasonable doubt.
Accordingly, defendant's conviction and sentence are reversed. Moreover, since the double jeopardy clause prohibits retrial of a defendant following appellate reversal on the ground of insufficient evidence, the defendant is discharged. State v. Shapiro, La., 431 So.2d 372 (1983).

ASSIGNMENT OF ERROR NO. 3
As defendant's conviction and sentence are reversed, discussion of this assignment is unnecessary.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and he is ordered discharged.
REVERSED.