SAVOIE, Judge.
Defendant, Wayne D. Love, was found guilty by a jury of simple burglary in violation of L.S.A.-R.S. 14:62 [1] and sentenced to 12 years at hard labor. He appeals his conviction.
On September 4, 1982, Baton Rouge City Police Officers, Jacob Guerin and James J. Kirk, were on patrol when Guerin noticed a shadow reflecting from the bottom half of a glass door of the Penthouse Club on Airline Highway in East Baton Rouge Parish. He did not notice such reflection from the top half of the door. Further, he noticed that a pickup truck was parked in front of the building. Based thereon, the officers decided to investigate. Upon approaching the pickup truck, the officers saw someone running away from the scene. Another person, later identified as co-defendant, Mark Aucoin, was allegedly seen in the truck, but slipped from view as the officers approached. As the officers drove up, Officer Guerin exited to pursue the individual seen running from the scene in a westerly direction. Officer Kirk, upon exiting the police car, saw the defendant herein rounding the corner of the building, walking in a westerly direction toward the pickup truck. After ordering the defendant herein to stop and place his hands upon the truck, Officer Kirk opened the door of the pickup. Therein, he found defendant-Au-coin. Just then Officer Guerin returned to the scene alone, having been unable to find and detain the individual who fled. Aucoin and defendant herein were then arrested and transported to central lockup. Both men were tried together and convicted by a jury of simple burglary.
Defendant assigns as error: (1) the trial court’s accepting a verdict contrary to law and the evidence, and (2) denying defendant’s post-judgment of acquittal.[2] Defendant having combined Assignments of Error No. 1 and 2, they will be treated together.
Defendant asserts that the trial court erred when it accepted a jury verdict of guilty in that the State failed to prove the essential elements of the crime. He further contends that his conviction was based upon circumstantial evidence only.
It is well settled that a conviction will not be overturned if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could *263 have found the essential elements of the crime to exist beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and State v. Dixon, 432 So.2d 1025 (La.App. 1st Cir. 1983). Further, when that evidence is circumstantial, it must exclude every other reasonable hypothesis of innocence, assuming every fact to be proven that the evidence tends to prove. L.S.A.-R.S. 15:438; and State v. Shapiro, 431 So.2d 372 (La. 1983).
In the instant case, the evidence shows that the officers saw the defendant round the corner of the building from one direction just after one suspect fled the area in the other direction. The record reflects that defendant explained his presence at the scene by stating that he was returning home after an evening at the bowling alley located next door to the Club. He stated that he was merely taking a short-cut home. Both of the arresting officers testified that when questioned, eighteen year old co-defendant-Aucoin denied knowing the thirty year old defendant herein. At trial, Aucoin again denied knowing the defendant herein prior to their arrest.
The owner of the Penthouse Club testified that while the items allegedly taken were similar to those he stocked, he could not state unequivocally that they were taken from his business. Police were unable to find any of the defendant’s fingerprints on any of the items allegedly taken out of the Club (i.e., two 2-liter Coke bottles, cans of juice).
We find the evidence against defendant to be completély circumstantial. Further, the State has failed to exclude every other reasonable hypothesis of innocence even considering those facts proved which the evidence tends to prove. It is reasonable to assume that the defendant was on his way home from the bowling alley. Additionally, the State has failed to prove that there was an unauthorized entering of a structure with the intent to commit a felony or theft therein by the defendant herein.
For the above and foregoing reasons, defendant’s conviction and sentence are hereby reversed, and a judgment of acquittal is entered in defendant’s favor.
REVERSED AND JUDGMENT OF ACQUITTAL IS ENTERED.

. "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
"Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.”

. While the defendant assigned three assignments of error by the trial court, he briefed only two. As such, the third assignment of error is considered as abandoned. Rule 2-12.4, Uniform Rules — Court of Appeal, Slate of Louisiana.