FORET, Judge.
Leroy Irvine, defendant, was charged on July 29, 1985 by bill of information with simple burglary and theft, violations of La. R.S. 14:62 and 67. On October 23, 1985, a six-person jury found defendant guilty of simple burglary and theft of property having a value between $100 and $500. Subse *659 quently, defendant admitted the allegations of an habitual offender bill. On March 13, 1986, defendant was sentenced to six years at hard labor, to run consecutively to any sentence imposed for a prior simple burglary conviction or for violating his probation in connection with that conviction, and one year at hard labor to run concurrently with the sentence for simple burglary. On appeal, defendant set forth five assignments of error.
FACTS
On June 3,1985, the Benoit Mobile Home Park area was under surveillance by a detective of the Lake Charles Police Department, due to a number of recent burglaries and thefts reported in the area. Prior to conducting the “stakeout,” the detective walked through the mobile home lot to inspect the trailers and secure the doors of those he found unlocked.
Sometime near midnight, the detective observed two men entering the mobile home lot. He called in for a backup and then proceeded, with the assistance of another police officer, to look for the men. A few minutes later, the detective found one of the men carrying a cardboard box between two trailers. Two other boxes were leaning against the outside of the trailer. All three boxes were found to contain dinettes valued at $45 each.
While defendant was being arrested and advised of his rights, a second man jumped from an open door of the trailer, ran underneath the trailer, and fled, but was soon apprehended a short distance from the trailer. This particular trailer had pry marks on the door but neither of the men possessed any tools which could have been used to pry open the door, nor were any tools found in the immediate area. No fingerprints were lifted inside or outside the trailer or from the boxes.
Defendant and his co-defendant pleaded not guilty at trial. Defendant’s co-defendant was found not guilty of simple burglary and not guilty of theft. From his conviction, defendant has appealed.
ASSIGNMENT OF ERROR NO. 1
Defendant alleges trial court error in allowing the bill of information to be amended after the commencement of trial. The district attorney requested permission to amend the bill of information to conform to the evidence that had been presented pursuant to La.C.Cr.P. art. 488 after the first witness was called and examined.
The bill of information stated that the offenses occurred on June 3, whereas the investigating officer testified that the offenses occurred during the early morning hours of June 4. Additionally, the prosecution wanted to change the address of the trailer burglarized to the correct address. The defense did not object to the amendment of the address.
The defense alleges the confusion surrounding the date, and its amendment, may have affected the weight the jury gave to medical records introduced by defendant. The medical records introduced by defendant show that he was brought into Moss Regional Hospital complaining of facial injuries during the early morning hours of June 3 by a Lake Charles police officer.
Although defendant objected to the amendment of the bill of information, he did not move for a continuance pursuant to La.C.Cr.P. art. 489. When an indictment is amended, unless a defendant moves for a continuance on the ground that he is prejudiced thereby and requires additional time to prepare his defense, he cannot later contend that he was prejudiced by the amendment. State v. Williams, 347 So.2d 184 (La.1977); State v. Frith, 436 So.2d 623 (La.App. 3 Cir.1983), writ den., 440 So.2d 731 (La.1983).
Additionally, La.C.Cr.P. art. 468 provides that the date or time of the commission of the offense does not need to be alleged in the indictment unless the date or time is essential to the offense. If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time. The Official Comments to Art. 468 provide that the date or time is not essential to a burglary or theft indictment. If the date *660 or time is not essential to the crime charged, a mistake respecting the date on which the offense occurred is only a defect of form, which may be corrected at any time with leave of court. State v. McCoy, 337 So.2d 192 (La.1976); State v. Sharp, 321 So.2d 331 (La.1976).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the verdict was not supported by the law and evidence. He argues that there was insufficient evidence to prove, beyond a reasonable doubt, his entry into the trailer, especially since the co-defendant was acquitted. Defendant argues that the acquittal of his co-defendant shows that the jury failed to find that defendant and co-defendant were principals in the commission of burglary and theft.
The evidence in the record shows that the jury relied on an abundance of circumstantial evidence to convict defendant of simple burglary: pry marks on the door and defendant carrying a box outside a trailer that came from inside the trailer. Direct evidence such as fingerprints from inside the trailer were not found, nor did the police find the tool which was used to pry open the door.
Defendant contends the evidence was insufficient to support a conviction of simple burglary, since every reasonable hypothesis of innocence was not excluded beyond a reasonable doubt. The only inculpating evidence against the defendant is that he was seen carrying a box that was later identified as coming from inside the trailer. This fact, although sufficient to prove theft, is insufficient to sustain a conviction for burglary.
The elements of simple burglary are unauthorized entry of a structure with the intent to commit a felony or theft therein. La.R.S. 14:62. The owner of the trailer testified at trial that neither defendant had permission to enter the trailer. The pry marks are evidence that an unauthorized entry was committed, but every reasonable hypothesis of innocence has not been excluded. One hypothesis of innocence given by defendant is that the co-defendant may have entered and placed the boxes outside of the trailer, which defendant carried away, or someone else broke into the trailer and placed the boxes outside.
Consequently, we believe that as to the defendant, it is difficult to see how a rational trier of fact could have concluded, beyond a reasonable doubt, that every reasonable hypothesis of innocence had been excluded. Mere possession of property stolen in a burglary does not create the presumption that the defendant committed the offense of burglary. State v. Nelson, 487 So.2d 695 (La.App. 5 Cir.1986).
Consequently, we find that this assignment does have merit and requires a reversal of defendant’s conviction for simple burglary.
ASSIGNMENT OF ERROR NO. 3
Defendant argues that opinion testimony from a non-expert witness was improperly admitted at trial. The investigating officer, John LaRocca, testified that there were “pry marks” on the door of the trailer, indicating that the door had been “pryed open.” Defendant contends that Officer LaRocca’s characterization of the marks surrounding the door as “pry marks” constituted opinion testimony that he was not competent to give. Because we have already decided to reverse defendant’s conviction for simple burglary, we need not discuss this assignment of error.
ASSIGNMENT OF ERROR NO. 4
By this assignment defendant contends that the sentence imposed was unconstitutionally excessive. Defendant was sentenced to six years at hard labor for the simple burglary conviction under the habitual offender statute, (La.R.S. 15:529.1) consecutive to any sentence imposed for a 1983 simple burglary conviction, and to one year at hard labor for theft of property having a value between $100 and $500. Defendant argues the sentence was grossly disproportionate to the nature of the offense and there were no aggravating *661 factors present to increase the sentence beyond the minimum prescribed by statute.
Because we have reversed defendant’s conviction of simple burglary, we need not consider the excessiveness of the sentence imposed for simple burglary. The sentence imposed for the theft conviction is not excessive.
ASSIGNMENT OF ERROR NO. 5
This assignment of error requested a review of any errors patent on the fact of the record. None were found.
For the foregoing reasons, defendant’s conviction for simple burglary is reversed and that portion of the trial court’s sentence is vacated; defendant’s conviction for theft of property having a value of more than $100 but less than $500 is affirmed, and the sentence imposed therefor is affirmed.
REVERSED IN PART, AFFIRMED IN PART.