535 So.2d 365 (1988)
STATE of Louisiana
v.
Leroy IRVINE.
No. 88-K-0089.
Supreme Court of Louisiana.
December 12, 1988.
Rehearing Denied January 19, 1989.
*366 William J. Guste, Jr., Atty. Gen., Richard Ieyoub, Dist. Atty., Annette Roach, Elizabeth McCall, Asst. Dist. Attys., for applicant.
John Crochet, Lake Charles, for respondent.
LEMMON, Justice.
The principal issues in this case are (1) whether the evidence was sufficient to support defendant's conviction as a principal to the crime of burglary and (2) whether the acquittal of the other alleged principal in a joint trial mandates the reversal of defendant's conviction.
On the night of June 3, 1985, two police officers conducted surveillance of a mobile home lot where a number of burglaries had recently occurred. The officers initially checked to insure that all doors of the *367 mobile homes on the one-square block lot were locked. About three hours later they saw two black men jump across a drainage ditch and enter the lot. After radioing for assistance, the officers entered the lot and found defendant carrying a cardboard box between two trailers, one of which was used by the lot owner for storage of furniture and appliances. The door of the storage trailer was wide open, and two other boxes were leaning against the trailer. The owner identified the boxes, each of which contained a dinette set, as having been stored in the trailer.
While the two officers were arresting defendant, another black man jumped from the open door of the storage trailer and fled into the lot.[1] The other officers who had been called to the scene searched the area and found Lionel Tippy under the trailer nearest the fence.
The officer who had arrested defendant knew both Tippy and defendant, but could not say that Tippy was the person who had jumped from the storage trailer.
The police discovered pry marks on the door of the storage trailer, but no burglary tools were found either inside or outside the trailer. After defendant and Tippy were arrested, the police did not check the trailer or the cardboard boxes for fingerprints and did not check the rest of the area for other persons or for vehicles that the burglars would have used to haul the stolen items.[2]
Defendant and Tippy were jointly charged with simple burglary and theft, and were tried together in a single proceeding. The jury acquitted Tippy of both charges, but found defendant guilty of both crimes. The court of appeal affirmed the theft conviction, but reversed the burglary conviction on the basis that the evidence was insufficient. 515 So.2d 658. We granted the prosecutor's application for certiorari in order to review the intermediate court's reversal. 522 So.2d 573.
The intermediate court concluded that an unauthorized entry had been proved, but that the circumstantial evidence did not exclude the reasonable hypothesis that Tippy or someone else broke into the trailer and placed the boxes outside, and that defendant simply happened onto the scene and was caught carrying one box away.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In cases involving circumstantial evidence, a defendant is entitled under the provisions of La.R.S. 15:438 to have the trial judge instruct the jurors that they must be satisfied the overall evidence excluded every reasonable hypothesis of innocence. Thus, an appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Captville, 448 So.2d 676 (La.1984).
The evidence in the present case clearly established that someone committed a burglary by making an unauthorized entry into the storage trailer with the intent to commit a theft. Defendant contends that the jury's acquittal of Tippy, who was almost caught inside the illegally entered building, is inconsistent with the jury's finding him to be a principal in the crime. Defendant argues that the verdict, taken as a whole, indicates that the jury rejected the state's evidence that he and Tippy were *368 co-principals and that the jury must have found him guilty on some other theory.
Defendant's argument distorts the law of principals. It is not necessary for the prosecutor to prove the guilt of both principals in order to convict one of burglary. It is only necessary to prove that someone made an unauthorized entry with the requisite intent and that the accused was "a person concerned in the commission of [the] crime". La.R.S. 14:24.
In the present case two black males were seen entering the trailer lot, and shortly thereafter defendant (a black male) was caught "redhanded" near the open door of the previously locked trailer with one of the boxes that had been placed outside by the person who had recently broken into the trailer. Whether the person who entered the trailer was defendant or someone else, evidence that defendant was caught at the scene of the burglary in progress or just completed, with property stolen in the burglary, was sufficient for a rational factfinder to conclude beyond a reasonable doubt that he was "concerned in the commission" of the crime and was guilty as a principal. La.R.S. 14:24; see State v. Fuller, 418 So.2d 591 (La.1982). The person who jumped from the trailer and fled could have escaped completely without in any way affecting the sufficiency of the evidence of defendant's guilt as a principal. The jury in this case could reasonably have concluded that defendant was working in concert with the person in the trailer who fled while defendant was being arrested and could reasonably have rejected any hypothesis that defendant simply happened upon a burglary being committed by others and was taking some of the loot.
We therefore conclude that the court of appeal erred in reversing the conviction on the basis of insufficient evidence.
Defendant further contends that since he only aided and abetted Tippy in the burglary, due process requires that an acquittal of Tippy also result in his acquittal.[3]
When a crime has been committed by two principals, it is not necessary to the conviction of one principal that the other alleged principal be tried and convicted. See State v. McAllister, 366 So.2d 1340 (La.1978). Moreover, this court has decided that separate juries may reach opposite results on essentially the same set of facts in considering the guilt of two principals. State v. Rash, 444 So.2d 1204 (La.1984). We now hold that it is not impermissible for the same jury to do so in the joint trial of two principals.
In the federal system due process is not necessarily offended when a jury acquits the actual perpetrator while convicting an aider and abetter. Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); Harris v. Rivera, 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981); see also United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943).[4]
In United States v. Powell, 469 U.S. 57, 67, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984), the Supreme Court discussed the problem of inconsistent jury verdicts in a single trial as follows:[5]
"[A] criminal defendant is ... afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. This review should be independent of the *369 jury's determination that evidence on another count was insufficient. The government must convince the jury with its proof, and must also satisfy the courts that given this proof the jury could rationally have reached a verdict of guilty beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary." (citations omitted)
We conclude that a court, reviewing the sufficiency of the evidence in a joint trial of two alleged principals in which one was convicted and one was acquitted, generally should not be concerned with possible inconsistencies in the verdict, as long as the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact beyond a reasonable doubt that the defendant was guilty of every element of the crime of which he was convicted. There is no injustice in punishing one of two guilty principals when the jury has possibly miscarried justice by acquitting the other guilty principal on the basis of mistake, compromise, lenity or nullification. At most, there is only the illusory appearance of injustice which is nothing more than intellectual discomfort with an imperfect system of criminal justice. Because such an inconsistency is frequently the result of lenity, and because the prosecutor is powerless to seek review of the acquittal, due process does not require permitting the defendant to obtain an acquittal on the basis of the inconsistent verdict.
In the present case, the evidence arguably was sufficient to support a conviction of Tippy for burglary. Perhaps the jury applied an improper standard and required proof of guilt beyond the shadow of a doubt.[6] Nevertheless, while a jury must act rationally in relation to the evidence in convicting an accused, the jury need not act rationally in acquitting an accused. There is no reason, and certainly no constitutional requirement, that jury error in acquitting one principal should redound to the benefit of the other whose conviction was supported by sufficient evidence. Harris v. Rivera, 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981). The jury's reasons, or lack thereof, for an acquittal of one alleged principal generally cannot be questioned by the court in reviewing the possibly inconsistent conviction of the other. United States v. Cyr, 712 F.2d 729 (1st Cir.1983).
Whether or not the evidence was sufficient to establish that Tippy was a principal in the burglary, a rational juror could have concluded beyond a reasonable doubt that defendant was a principal in the burglary committed by the unauthorized entry of defendant, Tippy or some other guilty party into the trailer. As noted earlier, the prosecutor was only required to establish that some guilty party entered the trailer without authorization and with the intent to commit a theft, and that defendant was "concerned in the commission" of that crime.[7] La.R.S. 14:24.
Accordingly, the judgment of the court of appeal is reversed, and judgment is rendered affirming defendant's conviction of simple burglary.
NOTES
[1] The officers testified that they did not actually see the man jump from the trailer, but saw him "as he landed on the ground".
[2] Large items such as refrigerators, washing machines and dishwashers had been taken in prior burglaries on the lot.
[3] One who aids and abets in the commission of a crime is a principal. La.R.S. 14:24.
[4] In the Standefer decision the Court discussed the statute which abolished the distinction between principals and accessories, but pointed out that second-degree principals (those actually present at the scene who aided and abetted in the commission of the crime) were always treated as principals.
[5] The jury found the defendant guilty of using the telephone to facilitate a conspiracy to possess cocaine with intent to distribute, but not guilty on charges of conspiracy and possession.
[6] Tippy, who could not be identified directly as the person who jumped from the storage trailer, was apprehended at some interval of time and distance from the storage trailer where defendant was caught in the act.
[7] In People v. Brown, 120 Mich.App. 765, 328 N.W.2d 380 (1982), the court observed that any rule prohibiting a conviction as an accessory in the absence of a conviction of the guilty principal should apply only in a case in which there was insufficient evidence that there was a guilty principal.