STOKER, Judge.
Defendant, Dennis Joseph Brass, was convicted by a jury of simple burglary, a violation of LSA-R.S. 14:62. Defendant was sentenced to three years at hard labor, without benefit of probation or parole. Defendant appeals his conviction.
FACTS
On September 8, 1988, between 2:00 p.m. and 3:00 p.m., Ms. Bessie Mae Smith was waiting outside her house for her niece to return home from school. While waiting, Ms. Smith heard voices from across the street. She looked over and saw defendant and an unidentified male leaving the carport of Charles Lynch who lived across the street from her. Ms. Smith recognized defendant because he had been living next door to her for over ten years. She observed that the unidentified male was carrying an object which was about the size and shape of a VCR and which was covered by a white cloth like a sheet. Ms. Smith saw defendant and his companion cross the street and enter defendant’s yard.
Later that afternoon, Lynch arrived home and noticed that his VCR and a beige tablecloth were missing. He also observed that the outside door under his carport had been forced open. Lynch immediately summoned the police. After the police arrived, Ms. Smith told the police what she had seen at Lynch’s house earlier in the day. No fingerprints were taken from Lynch’s house. The police subsequently arrested defendant on September 29, 1988.
On October 4, 1988 defendant gave a statement to the police in which he said that he believed that Troy Foster had stolen Lynch’s VCR. Defendant saw Foster that afternoon with an object wrapped in a white cloth, which Foster told him was a VCR. Defendant stated that he later accompanied Foster when he went to sell the VCR.
Defendant’s mother, Frankie Brass, testified that defendant arrived home from school at about 2:30 p.m. and was there until he left with a friend named Joiner, who picked defendant up at about 3:00 p.m. Defendant returned home three to four hours later.
SUFFICIENCY OF EVIDENCE
Defendant contends on appeal that the evidence does not support his conviction of simple burglary under the Jackson v. Virginia standard and that, under the circumstantial evidence rule, the State failed to exclude every reasonable hypothesis of evidence.
The proper standard of review in determining the sufficiency of evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense proved be *1283 yond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the conviction is based on circumstantial evidence, the evidence, viewed favorably to the State, must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Sims, 426 So.2d 148 (La.1983). The circumstantial evidence test and the Jackson test are not completely separate. “Ultimately, all evidence, direct and circumstantial must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.” State v. Porretto, 468 So.2d 1142, 1146 (La.1985); State v. Willson, ”534 So.2d 55 (La.App. 3d Cir.1988).
In order for the State to convict a person of simple burglary it must prove: (1) unauthorized entry into the dwelling in question and (2) specific intent to commit a theft or felony therein. LSA-R.S. 14:62. Intent, being subjective, need not be proven as a fact in a burglary prosecution and may be inferred from the circumstances of the transaction. LSA-R.S. 14:62; LSA-R.S. 15:445; State v. Dickerson, 353 So.2d 262 (La.1977), overruled on other grounds in State v. Cox, 369 So.2d 118 (La.1979). In this case, defendant asserts that the State failed to prove unauthorized entry. He claims that there was no evidence that defendant ever entered the victim’s home, or assisted Troy Foster in the break-in.
We find the evidence against defendant to be completely circumstantial. Direct evidence, such as fingerprints from Lynch’s house, was not adduced. Defendant was not seen in possession of the stolen property. The only inculpatory evidence against defendant is the fact that he was seen with Foster outside of Lynch’s house after the burglary had taken place and his own admission that he was with Foster when Foster sold the VCR. We further find that the State has failed to exclude every reasonable hypothesis of innocence. It is just as reasonable to conclude that defendant saw Foster in Lynch’s carport after the burglary had taken place and joined him then as it is to conclude that defendant actually participated in the commission of the burglary.
Finally, viewing the evidence in the light most favorable to the prosecution, we find that the State has failed to prove beyond a reasonable doubt that defendant made an unauthorized entry into Lynch’s house or that defendant was a principal concerned in the commission of the crime, under LSA-R.S. 14:22. For similar fact situations and holdings, see: State v. Brown, 445 So.2d 422 (La.1984); State v. Schwander, 345 So.2d 1173 (La.1977); State v. LaGarde, 513 So.2d 396 (La.App. 4th Cir.1987); State v. Nelson, 487 So.2d 695 (La.App. 5th Cir. 1986); State v. Love, 448 So.2d 261 (La. App. 1st Cir.1984). Contrast State v. Irvine, 535 So.2d 365 (La.1988), in which the defendant was found guilty as a principal concerned in the commission of the crime of simple burglary where he was caught outside of the burgled trailer carrying stolen goods, either while the burglary was in progress or immediately after.
CONCLUSION
For the reasons given, defendant’s conviction and sentence are reversed and a judgment of acquittal is entered in defendant’s favor.
REVERSED; ACQUITTED.