818 So.2d 85 (2001)
STATE of Louisiana
v.
Danny PARKER.
No. 2000 KA 2861.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
*86 Walter P. Reed, Covington, LA, Dorothy Pendergast, Metairie, LA, for Appellee, State of Louisiana.
Frank Sloan, Covington, LA, for Defendant/Appellant, Danny Parker.
BEFORE: WHIPPLE, FOGG and GUIDRY, JJ.
WHIPPLE, Judge.
The issue presented in this case is whether the defendant, who obtained and *87 possessed certain drugs pursuant to prescriptions allegedly written outside of a legitimate medical justification and unlawfully furnished by a physician outside the usual course of professional practice, was properly convicted of unlawful possession of the drugs.
The defendant, Danny Parker, was charged by bill of information with Count I, possession of dihydrocodeinone (vicodin) in violation of LSA-R.S. 40:968C; and Count II, possession of diazepam (valium) in violation of LSA-R.S. 40:969C. The defendant pled not guilty and, after a jury trial, was found guilty as charged. After a hearing, the trial court found that the defendant was a third felony multiple offender. Subsequently, the trial court denied the defendant's motion for post-verdict judgment of acquittal and/or motion for a new trial. Thereafter, the defendant was sentenced to five (5) years at hard labor on Count I and life imprisonment without the benefit of parole, probation or suspension of sentence on Count II, to be served concurrently. The defendant now appeals, asserting the following two assignments of error:
1. The evidence was insufficient to support the jury verdict;
2. The State failed to meet its burden of proof in the multiple offender hearing.

FACTS
On March 25, 1997, the defendant brought prescriptions for vicodin and valium to a K-Mart pharmacy in Mandeville, Louisiana. The clerk who received the prescriptions questioned their validity and related her suspicions to the pharmacist. The pharmacist told the clerk to contact the physician named on the prescriptions. As the physician was unavailable, the clerk and the pharmacist contacted the police. The police instructed the clerk to fill one of the prescriptions and instruct the defendant to return for the other as a stalling tactic. The clerk complied with these instructions, followed the defendant to the front store exit, and recorded a description and the license plate number of the vehicle in which defendant was travelling. When the defendant returned for the second prescription, the clerk called the police and gave them a description of the defendant, the vehicle in which he had arrived, and the other two occupants of the vehicle. After being stopped for questioning, all three occupants of the vehicle were arrested. Dr. Richard Cicinelli, the physician named on the prescriptions, was the registered owner of the vehicle. The defendant was again questioned at the police station and informed the police that he had been given the prescriptions and allowed to use the doctor's vehicle in exchange for an agreement to engage in an oral sexual act with the doctor.

ASSIGNMENT OF ERROR NUMBER ONE
In the first assignment of error, the defendant contends that the evidence was insufficient to support the verdicts of guilty of illegal possession of drugs. The defendant avers that no rational finder of fact, viewing all of the evidence in favor of the prosecution, could have found defendant guilty beyond a reasonable doubt. In particular, defendant asserts in the assignment of error that the prescriptions were valid and the drugs were obtained on this basis.
When reviewing the sufficiency of evidence to support a conviction, the standard is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; Jackson v. Virginia, *88 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Dixon, 432 So.2d 1025, 1026 (La.App. 1st Cir.1983). When circumstantial evidence is used to prove the element, such evidence must exclude every reasonable hypothesis of innocence. See LSA-R.S. 15:438. When a case involves circumstantial evidence and the trier of fact reasonably rejects a hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La. 1987).
Pursuant to LSA-R.S. 40:968 and LSA-R.S. 40:969, it is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule III or in Schedule IV without a valid prescription or without an order from a practitioner while acting in the course of his professional practice. Therefore, the inquiry in this case is whether or not, when viewed in the light most favorable to the prosecution, the State met its burden of proving beyond a reasonable doubt that the defendant knowingly or intentionally possessed the drugs without a valid prescription.
Louisiana Revised Statutes 40:961(33) provides the following:
"Prescription" means a written request for a drug or therapeutic aid issued by a licensed physician, dentist, veterinarian, osteopath, or podiatrist for a legitimate medical purpose, for the purpose of correcting a physical, mental, or bodily ailment, and acting in good faith in the usual course of his professional practice.
The defendant contends that the prescriptions were valid prescriptions, inasmuch as they were given to him by Dr. Cicinelli for a legitimate purpose, i.e., in order to treat a dog bite and anxiety. The State, however, presented testimony by several officers indicating that at the time of his arrest and subsequent questioning, the defendant had informed the police that Dr. Cicinelli provided him with the prescriptions in exchange for oral sexual gratification.
As the trier of fact, a jury is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir. 1984). Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. A determination of the weight to be given is a question of fact for the trier of fact, not subject to appellate review. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
In this case, the jury rejected the defendant's testimony that the prescriptions were valid and were given to treat a dog bite and anxiety. Based on the testimony presented by the State, the jury obviously concluded that the prescriptions were not written for a legitimate purpose in good faith in the usual course of professional practice. Sergeant Ernest Dykes, the supervisor of the Louisiana State Police narcotics section, testified that he had seen the combination of vicodin and valium prescriptions in previous prescription fraud and forgery cases. Further, Mr. Kenneth Duracher, the K-Mart pharmacist, testified that as a matter of routine, prescriptions for drugs such as valium and vicodin are examined more closely because these drugs are highly regulated due to the rate of abuse of these drugs.
In State v. Moody, 393 So.2d 1212 (La. 1981), the Louisiana Supreme Court set forth the history of Louisiana's Controlled *89 Dangerous Substances Act and an analysis of the sufficiency of evidence required to show that a doctor charged with unlawful distribution of drugs had prescribed controlled substances outside the usual course of professional medical practice and without a legitimate medical purpose. In State v. Moody, the Court determined there was sufficient evidence to show that the defendant, a physician, had prescribed phentermine for other than a legitimate medical purpose while acting in good faith in the usual course of his professional practice. The Court reviewed the attendant circumstances under which the prescriptions were written and concluded that the doctor had prescribed the controlled substances outside the usual course of professional medical practice and without a legitimate medical purpose. State v. Moody, 393 So.2d at 1215. Noting that the prescriptions were issued in response to specific patient requests, the absence of any medical history or examination to justify the prescriptions, the multiplicity of prescriptions of the equivalent of a month's supply each within a shorter period, and rejecting defendant's claim that these prescriptions were for a legitimate medical purpose, the Court concluded the defendant physician was guilty of unlawful distribution of phentermine. State v. Moody, 393 So.2d at 1215-1216.
In the instant case, the evidence shows defendant was allowed to use the doctor's vehicle to get the prescriptions filled. Although the defendant argued at trial that the drugs he possessed were obtained by valid prescriptions for legitimate medical conditions, notwithstanding the oral sexual exchange, the officers in the instant case testified that upon arrest, the defendant informed them that he was given the prescriptions and the use of the vehicle in exchange for engaging in an oral sexual act with Dr. Cicinelli. The officers further testified that the defendant never contended prior to the trial that one of the prescriptions was written for the treatment of a dog bite injury to his hand. Furthermore, the prescriptions were not written at the doctor's office but at the home of a family member of the defendant.
Moreover, Dr. Cicinelli is a psychiatrist. An expert medical witness called by the State testified that psychiatrists do not customarily treat dog bites and that as an emergency room physician, he would never prescribe such a large amount of dihydrocodeinone. We conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the State proved beyond a reasonable doubt that the drugs possessed by defendant were obtained and possessed by defendant without a valid prescription or order, and were not obtained for a legitimate medical purpose, or for the purpose of correcting a physical, mental or bodily ailment. Thus, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In the second assignment of error, the defendant contends that the State failed to meet its burden of proof in the multiple offender hearing. Specifically, the defendant avers that the evidence contained in the record does not contain any document establishing that the defendant was represented by counsel in a 1979 guilty plea relied upon by the State. The defendant further avers that the State failed to establish that the ten-year cleansing period established by LSA-R.S. 15:529.1C had not expired as to the defendant's 1979 conviction.
If the defendant denies the allegations of the habitual offender petition, the burden is on the State to prove the existence of the prior guilty pleas and that *90 the defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, the burden of proving the constitutionality of the plea shifts to the State. State v. Shelton, 621 So.2d 769, 779 (La.1993).
The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. State v. Shelton, 621 So.2d at 780 (La.1993).
In the instant case, the State failed to carry its initial burden under the above-articulated burden-shifting rules. As the defendant correctly notes, evidence introduced by the State does not show that the defendant was represented by counsel in case number 72236, wherein the State asserts defendant pled guilty to the offense of aggravated burglary. There was no transcript introduced or any other evidence presented to show that the defendant's prior guilty plea was informed and voluntary and made with an articulated waiver of his Boykin rights. Therefore, we must conclude there was insufficient evidence to support the propriety of the use of the 1979 conviction to establish the defendant's status as a third felony offender, and the defendant's adjudication and sentence as a third felony offender must be vacated and the matter remanded. However, on remand, the defendant is not protected by principles of double jeopardy from being tried again under the Habitual Offender Law. See State v. Young, 99-1310 (La.App. 1st Cir. 4/17/00), 769 So.2d 12.
Finally, with regard to the 1979 aggravated burglary guilty plea, the defendant avers that the State failed to establish that the ten-year cleansing period established by LSA-R.S. 15:529.1C had not elapsed. Louisiana Revised Statutes 15:529.1C provides as follows:
This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
According to the multiple offender bill of information, in case number 72236, the defendant pled guilty to the offense of aggravated burglary, a violation of LSA-R.S. 14:34 on October 9, 1979. The defendant was then found guilty on September 22, 1987, in case number 158888, of distribution of cocaine in violation of LSA-R.S. 40:967A. The date of commission of the instant and last felony for which the defendant was convicted was March 25, 1997. The State's documentary evidence was sufficient to establish that the ten-year period did not elapse between any two convictions. In this case, proof of the discharge *91 dates on the predicate offenses is not necessary inasmuch as the evidence relied upon by the State clearly shows that the convictions fall within the allowable period, considering the dates of the convictions. Therefore, the State has met its burden of proof as to the cleansing period for the purposes of the habitual offender adjudication. See State v. Barber, 94-0611 (La. App. 1st Cir. 4/10/95), 654 So.2d 740. Thus, this portion of the assignment of error likewise is without merit.

DECREE
Accordingly, the defendant's convictions as to Counts I and II, and sentence as to Count I, are AFFIRMED; the instant third felony habitual offender adjudication and sentence are VACATED, and the case is REMANDED for further proceedings not inconsistent with the views expressed herein.
CONVICTIONS ON COUNTS I AND II AND SENTENCE AS TO COUNT I AFFIRMED; HABITUAL OFFENDER ADJUDICATION AS A THIRD FELONY OFFENDER AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.