845 So.2d 546 (2003)
STATE of Louisiana
v.
Danny PARKER.
No. 2002 KA 1477.
Court of Appeal of Louisiana, First Circuit.
March 5, 2003.
*547 Walter P. Reed, District Attorney, Covington, Dorothy A. Pendergast, Special Appeals Counsel, Metairie, for Appellee State of Louisiana.
Frank Sloan, Louisiana Appellate Project, Mandeville, for Defendant-Appellant Danny Parker.
Before: PARRO, MCDONALD, and *548 CLAIBORNE,[1] JJ.
PARRO, J.
The defendant, Danny Parker, was charged by bill of information in count one with possession of a Schedule III controlled dangerous substance (dihydrocodeinone), a violation of LSA-R.S. 40:968(C), and in count two with possession of a Schedule IV controlled dangerous substance (diazepam), a violation of LSA-R.S. 40:969(C)(2). See also LSA-R.S. 40:964 (composition of schedules). He pled not guilty on both counts. Following a jury trial, he was found guilty as charged on both counts.
Thereafter, the state filed a habitual offender bill, alleging with respect to count two that the defendant was a third felony habitual offender, having previously pled guilty to aggravated battery, a violation of LSA-R.S. 14:34, and having previously been convicted of distribution of cocaine, a violation of LSA-R.S. 40:967. Following a hearing, the trial court adjudged the defendant to be a third felony habitual offender in regard to count two. The defendant moved for a new trial and for post-verdict judgment of acquittal, but the motions were denied. On count one, the defendant was sentenced to five years at hard labor to run concurrently with the sentence imposed on count two. On count two, the defendant was sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence.
On appeal, this court affirmed the convictions for counts one and two, and the sentence for count one, but vacated the habitual offender adjudication and sentence and remanded for further proceedings. State v. Parker, 00-2861 (La.App. 1st Cir.11/9/01), 818 So.2d 85.
Following a hearing on remand, the defendant was again adjudged a third felony habitual offender on count two and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He objected to the sentence on count two as being excessively severe and referred to changes in the habitual offender law since the time of his third felony offense and conviction, but prior to his re-adjudication as a habitual offender. He now appeals, designating two assignments of error. We affirm the habitual offender adjudication, vacate the habitual offender sentence, and remand for re-sentencing.

ILLEGAL SENTENCE
In assignment of error number one, the defendant contends the sentence imposed on count two was illegally excessive. He argues he should have been sentenced under the habitual offender law in effect at the time of his adjudication as a third felony habitual offender. We agree.
Prior to amendment by 2001 La. Acts, No. 403, § 2 (Act 403), LSA-R.S. 15:529.1, in pertinent part, provided:
A. (1) Any person who, after having been convicted within this state of a felony... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

*549 * * *
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (emphasis added).
Following amendment by Act 403, LSA-R.S. 15:529.1, in pertinent part, provided:
A. (1) Any person who, after having been convicted within this state of a felony... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
* * *
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (emphasis added).
The effective date of Act 403 was June 15, 2001, and it stated, "[t]he provisions of this Act shall only have prospective effect." 2001 La. Acts, No. 403, § 6. Count two, the third felony upon which the habitual offender bill and adjudication were based, was committed on March 25, 1997, and Parker was convicted of that offense on February 25, 1999. He was originally adjudicated a third felony habitual offender on July 27, 1999, and was originally sentenced on August 3, 1999. After the habitual offender adjudication and sentence were vacated by this court, he was readjudicated a third felony habitual offender and was re-sentenced on March 4, 2002.
The sentence imposed on Parker, life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, was pursuant to the pre-amendment version of LSA-R.S. 15:529.1(A)(1)(b)(ii). Under those provisions, the fact that one of his prior felony convictions was for aggravated battery, which is a felony defined as a crime of violence under LSA-R.S. 14:2(13), sufficed for imposition of that sentence. After the amendment, however, all of the three felonies must rise to the level of either a crime of violence, a sex offense against a victim under the age of eighteen, a drug offense punishable by at least ten years of imprisonment, or another crime punishable by imprisonment for twelve years or more. LSA-R.S. 15:529.1(A)(1)(b)(ii). Parker's third felony, which triggered the filing of the habitual offender bill, does not rise to that level; possession of a Schedule IV controlled dangerous substance other than flunitrazepam is not punishable by ten years of imprisonment, but is punishable by not more than five years of imprisonment. *550 See LSA-R.S. 40:969(C)(2).[2] Under the amended habitual offender law, the applicable sentencing provision for Parker would be LSA-R.S. 15:529.1(A)(1)(b)(i).[3]
In State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, the Louisiana Supreme Court examined whether the provisions of 2001 La. Acts, No. 403, § 4, which reduced the penalty for possession of heroin, a violation of LSA-R.S. 40:966(C)(1), should be applied to offenses committed prior to the effective date of the statute, even though the defendant was sentenced after the effective date of the statute. In answering this inquiry, the court reiterated its consistent holding that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. Sugasti, 820 So.2d at 520-21.
That legal principle and its application in the Sugasti case are unassailable. However, the case before us differs from Sugasti in significant ways. In the case we are reviewing, the statute that has been amended does not impose a sentence for a particular offense. Rather, the statute we are considering is the habitual offender law, which is a penalty enhancement statute. Under its provisions, there is no one offense that is determinative of the penalty, but a combination of offenses that must meet certain statutory criteria. Additionally, a defendant is not a habitual offender simply by virtue of committing a third felony offense. A defendant could commit dozens of qualifying felony offenses and never have a sentence enhanced under the habitual offender law. Unless and until a separate bill of information is filed by the district attorney after the defendant's felony conviction, there will never be a finding of habitual offender status to justify the enhanced penalty pursuant to the statute. See LSA-R.S. 15:529.1(D)(1)(a). A defendant does not become a habitual offender until the following sequence of events occurs: the filing of a bill of information; an appearance before the court; a contradictory hearing, if necessary; the presentation of evidence on which the district attorney bears the burden of proof beyond a reasonable doubt on any issue of fact; and either a finding by the court that he has been convicted of a prior felony or felonies or the defendant's acknowledgment or confession in open court, after being duly cautioned as to his rights, that he has been so convicted. See LSA-R.S. 15:529.1(D)(1)(a) and (b), (D)(2), and (D)(3). The statute is very clear that it is only "when the judge finds" that the defendant has been convicted of a prior felony or felonies or the defendant acknowledges such status that the court "shall sentence him to the punishment prescribed in this Section." See LSA-R.S. 15:529.1(D)(3). Until that finding or acknowledgment occurs, the defendant is not a habitual offender and, therefore, is not subject to the punishment "prescribed in this Section." However, upon such finding or acknowledgment, the defendant is subject to the punishment "prescribed in this Section," as of that date, not under provisions pre-dating that finding. This reading of the statutory provisions fully accords with the legislature's statement that *551 the amendments to LSA-R.S. 15:529.1 in 2001 La. Acts, No. 403, § 6 "shall only have prospective effect." Stated another way, the amended provisions are applicable only to those defendants who are found to be habitual offenders after the effective date of the amendments.
This application of the habitual offender statute is consistent with the decision of the Louisiana Supreme Court in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, which was rendered on the same day as the Sugasti decision. Mayeux dealt with the fact that the penalty for fourth-offense driving while intoxicated, a violation of LSA-R.S. 14:98, had been reduced by 2001 La. Acts, No. 1163, § 2. The supreme court in Mayeux determined that the operative date for the applicability of that reduction in penalty was not the date of the offense, but rather was the date of the conviction. Mayeux, 820 So.2d at 527. In reaching this conclusion, the court first noted that the text of LSA-R.S. 14:98 provided for sentencing "upon conviction" of the offense, not "upon committing the offense." Mayeux, 820 So.2d at 529. The court also noted that the specific statement of legislative purpose, set forth in LSA-R.S. 14:98(G), indicated the legislature favored treatment measures over incarceration for third or subsequent violations of the statute.[4]Mayeux, 820 So.2d at 529.
Like Mayeux, the language of paragraph D(3) of the habitual offender law provides that the court shall sentence the defendant to the punishment prescribed in the habitual offender law "when the judge finds" that the defendant has been convicted of a prior felony or felonies, not as of the date the prior felony or felonies were committed. Secondly, the preamble to Act 403 clearly stated the legislative purpose was "to reduce the length of incarceration in the penalty provisions for certain offenses[.]" The habitual offender law is a penalty enhancement provision;[5] therefore, the application of its amended provisions to those for whom the adjudication of that status occurs after its effective date would effectuate this legislative purpose.
Generally, the application of an amended penalty provision, rather than the penalty provision as it existed when the offense was committed, requires consideration of the Louisiana and United States constitutional provisions prohibiting ex post facto laws. U.S. Const. art. I, § 9, cl. 3; LSA-Const. art. I, § 23. This prohibition extends to the retrospective application of any enactment which changes the punishment to inflict a greater penalty than that authorized for the crime at the time of its commission. See State v. Ellison, 572 So.2d 262, 267 n. 2 (La.App. 1st Cir.1990), writ denied, 575 So.2d 388 (La. 1991); see also State ex rel. Olivieri v. State, 00-0172, 00-1767 (La.2/21/01), 779 So.2d 735, 743-44. In essence, for purposes of the prohibition against ex post facto laws, the date of the commission of the crime determines the maximum penalty for the underlying crime and the maximum penalty pursuant to the habitual offender law. Under our interpretation of *552 the habitual offender law, the enhanced penalty provision in effect on the date of the determination of habitual offender status is to be applied, because that is "when the judge finds" that the defendant is subject to the penalty. However, when such enhanced penalty provision authorizes the imposition of a penalty greater than that permitted under the law in effect on the date the crime was committed, the ex post facto law prohibition precludes the application of the increased penalty provision. When, as in this case, the amendment to the habitual offender law reduces the applicable penalty, the application of the amended provision, rather than the provision in effect when Parker's third felony offense was committed, does not implicate the constitutional prohibition of ex post facto laws. Therefore, in this situation, the law should be applied as written, giving a strict interpretation to the operative date of the habitual offender adjudication.

CONCLUSION
We conclude, therefore, that the punishment to be imposed on Parker as a habitual offender should be pursuant to the amended provisions of the habitual offender law that were in effect when the judge found him to be a habitual offender.[6] Accordingly, the habitual offender sentence imposed in this case is vacated, and this matter is remanded for re-sentencing in accordance with the views expressed herein. Due to our resolution of this assignment of error, we pretermit consideration of Parker's second assignment of error contending the sentence imposed was excessive under the constitutions of Louisiana and the United States.

HABITUAL OFFENDER ADJUDICATION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RE-SENTENCING.
MCDONALD, J., dissents and assigns reasons.
MCDONALD, J. dissenting.
I respectfully dissent and would affirm the judgment of the trial court. The Habitual Offender Statute in effect at the time of the commission of the third offense is the one that should control the sentence. Thus, the trial court was correct in its application of the statute in effect on March 25, 1997.
In State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, the Louisiana Supreme Court examined whether the provisions of 2001 La. Acts, No. 403, § 4, that reduced the penalty for possession of heroin in violation of LSA-R.S. 40:966(C)(1), should be applied to offenses committed prior to the effective date of the statute, even though the sentencing was after its effective date. The court held the sentencing changes enacted by Act 403 did not apply to anyone sentenced after the effective date of the act if the offense was committed prior to its effective date. Those who engage in criminal activity must face the consequences of their actions, including the penalty provisions that apply as of the date of the offense. Sugasti, 01-3407, 820 So.2d at 522.
State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, was rendered on the same day as Sugasti, and may seem to reach an opposite conclusion. The case involved the reduction in the penalty for fourthoffense *553 driving while intoxicated as provided by 2001 La. Acts, No. 1163, § 2. The court found that the operative date for the application of the reduced penalty was the date of conviction of the offense rather than the date of its commission. Mayeux, 820 So.2d at 527. However, the court based its decision on the language found in the statute. Louisiana Revised Statute 14:98 (as amended by Act 1163) provides for sentencing "upon conviction" of the offense, not "upon committing" the offense. Mayeux, 820 So.2d at 529.
However, unlike the sentencing provision in LSA-R.S. 14:98, the multiple offender proceeding does not charge a new crime; it is merely a method of increasing the punishment for the subsequent offender. The sentence is more severe for the new crime because he is a habitual offender. State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 129. The offender is treated as a recidivist and is subjected to a longer sentence for the instant crime because he continues to break the law. State v. Dillion, 99-2175 (La.App. 4 Cir. 9/6/00), 770 So.2d 13, 20, writ denied, 00-2815 (La.9/14/01), 797 So.2d 50; State v. Hannon, 98-0957 (La.App. 4 Cir. 5/26/99), 736 So.2d 323, 328, writ denied, 99-1911 (La.12/17/99), 751 So.2d 872. Thus, the sentence reverts back to the date of commission of the offense that is the basis for the habitual offender charge.
In his second assignment of error the defendant contends that the sentence imposed on count two was excessive. He argues that this court should vacate the sentence imposed and remand the matter to the trial court to reconsider in light of the changes to LSA-R.S. 15:529.1. This court previously considered this issue in State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, writ denied, 99-2136 (La.6/16/00), 764 So.2d 955, which outlined the criteria in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, and State v. Dorthey, 623 So.2d 1276 (La.1993), which should be considered by the trial judge to depart downward from the mandatory minimum sentences in the habitual offender law. Parker was originally sentenced on August 3, 1999. It is evident that the court considered the criteria in Johnson and Dorthey in imposing the sentence. The court stated:
The defendant having been found to be a third felony offender and having already dealt with the objection or the claim under Dorthea [sic], State versus Dorthea [sic], and I found in my ruling on July 27 that the Court in reviewing this defendant's record and the presentence investigation and all matters concerning this matter does not find this to be one of those rare occasions or rare situations in which a downward departure is required constitutionally and refer to State Versus Johnson, 709 So.2d 672. There is no clear, convincing evidence warranting a downward departure from the sentencing mandate in this particular case.
For these reasons the habitual offender adjudication should be affirmed and the sentence affirmed.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note also that the other offense for which Parker was convicted, possession of a Schedule III controlled dangerous substance, dihydrocodeinone, was also punishable by not more than five years of imprisonment. See LSA-R.S. 40:968(C).
[3] "The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]" LSA-R.S. 15:529.1(A)(1)(b)(i).
[4] "The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further, the legislature finds that there are successful treatment methods available for treatment of addictive disorders." LSA-R.S. 14:98(G).
[5] As such, the rule of strict construction of a penal statute applies to its interpretation and application. Furthermore, any genuine ambiguity must be interpreted in favor of the defendant. State v. Boowell, 406 So.2d 213 (La.1981).
[6] In so doing, we reject the contrary conclusions in State v. O'Neal, 36,431 (La.App. 2nd Cir.10/23/02), 830 So.2d 408, 414, writ denied, 01-3207 (La.11/1/02), 828 So.2d 564; State v. Wilson, 02-700 (La.App. 3rd Cir.12/18/02), 833 So.2d 560; State v. Bagneris, 02-0773 (La.App. 4th Cir.10/16/02), 830 So.2d 1047, 1050-51; and State v. Ventress, 01-1165 (La. App. 5th Cir.4/30/02), 817 So.2d 377, none of which addressed the operative date of the habitual offender adjudication that is stated in paragraph D(3) of the habitual offender law.