968 So.2d 726 (2007)
STATE of Louisiana
v.
Derrick HYDE.
No. 07-OK-1314.
Supreme Court of Louisiana.
November 21, 2007.
PER CURIAM.
Granted. Defendant's sentence is vacated and this case is remanded to the district court for immediate resentencing.
The trial court erred in applying the sentencing law in effect on the date of defendant's conviction, 2005 La. Acts 497, as opposed to the law in effect at the time defendant committed the offense which led to his prosecution and conviction for D.W.I., fourth offense, i.e., 2001 La. Acts 1163. A strong presumption exists in Louisiana law that the statute in effect at the time of the offense governs the applicable punishment for the crime. See, e.g., State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520; State v. Wright, 384 So.2d 399, 401 (La.1980). The general rule applies even when the changes in sentence are ameliorative in nature. Sugasti, 01-3407 at 4, 820 So.2d at 520. This Court made an exception to that rule in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, which held that the ameliorative changes made by 2001 La. Acts. 1163 in the law of sentencing for third and fourth offense D.W.I. convictions have limited retroactive application to crimes committed before its effective date when the defendant is convicted after that date. The Court took into account several considerations, including a strong policy statement by the legislature "to embrace treatment measures in preference to incarceration." Mayeux, 01-3195 at 5, 820 So.2d at 529.
However, Mayeux has no application to cases in which the changes in the sentencing law are not ameliorative but increase the severity of sentence by altering the terms and conditions under which defendant must serve the penalty. Retroactive application of 2005 La. Acts 497 to crimes committed before its effective date would raise significant questions under the Ex *727 Post Facto Clauses of the federal and state constitutions that may be avoided by application of the general rule, rather than its single narrow exception in Mayeux, that the statute in effect at the time of commission of the crime governs the applicable sentence. See State ex rel. Olivieri v. State, 00-0172, pp. 15-16 (La.2/21/01), 779 So.2d 735, 744 (adopting federal standard for determining ex post facto applications of the law, i.e., "whether the change alters the definition of criminal conduct or increases the penalty."); cf. Weaver v. Graham, 450 U.S. 24, 30-31, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981) ("Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. . . . even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.")(footnote omitted).