985 So.2d 749 (2008)
STATE of Louisiana
v.
Timothy P. BARBAY.
No. 2007 KA 1976.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Doug Moreau, District Attorney, Kory J. Tauzin, Assistant District Attorney, Baton Rouge, LA, for State-Appellee.
Bruce E. Unangst, II, Gonzales, LA, for Defendant-Appellant, Timothy P. Barbay.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
The defendant, Timothy P. Barbay, was charged by bill of information with operating a vehicle while intoxicated (fourth offense DWI), in violation of La. R.S. 14:98. The defendant entered a plea of not guilty. The trial court denied the defendant's motion to suppress. The defendant withdrew his former plea and entered a plea of guilty as charged. The *750 defendant was sentenced to eighteen years imprisonment at hard labor. The trial court suspended all but ten years of the sentence and placed the defendant on active, supervised probation for a period of five years, upon release from custody. The trial court further imposed a fine of five thousand dollars and ordered that the defendant undergo substance abuse evaluation and recommended treatment, attend an inpatient treatment program from four to six weeks, and serve three years supervised home incarceration. The trial court also noted that the defendant would be prohibited from operating any vehicle that is not equipped with an ignition interlocking device. The defendant was ordered to pay costs associated with conditions of probation, to complete a driver improvement program, to perform community service, to attend four victim impact programs and Alcoholics Anonymous meetings, to maintain gainful employment, to remain conviction, alcohol, and illegal drug free, to submit to random drug and alcohol testing, and to report to the office of probation and parole within twenty-four hours of his release from custody.
The trial court denied the defendant's motion to correct an illegal sentence and request for reconsideration of sentence. The defendant now appeals, arguing that the sentence imposed is illegal and/or excessive. For the forthcoming reasons, we affirm the conviction, vacate the sentence, and remand for resentencing.

FACTS
The following was presented as a factual basis for the guilty plea entered herein. On or about October 10, 2002, the defendant was operating a vehicle in East Baton Rouge Parish while under the influence of alcohol. A deputy constable noted the defendant's erratic driving and contacted the Baton Rouge City Police. The defendant submitted to an HGN test, and his results were poor. The defendant refused to submit to further testing. The defendant was previously convicted of operating a vehicle while intoxicated on October 13, 1993, October 30, 1997, and June 14, 2000.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant argues that the trial court committed reversible error when it applied the new and harsher penalty provisions not in effect at the time of the commission of the offense. Citing State v. Pulliam, 2005-534 (La.App. 3rd Cir.12/30/05), 920 So.2d 900, writ denied, XXXX-XXXX (La.10/6/06), 938 So.2d 65, the defendant argues that the Supreme Court's holding in State v. Mayeux, XXXX-XXXX (La.6/21/02), 820 So.2d 526, does not mandate sentencing a defendant to newer, harsher DWI penalty provisions upon conviction. The defendant argues that the major concern regarding recognition of the legislature's obvious preference of treatment over incarceration is not an issue in the present case as it was in Mayeux. Noting his completion of a twenty-eight day treatment program and several years of sobriety prior to the sentencing, the defendant further argues that application of the new and harsher penalty provision in effect upon conviction in this case contradicts the legislative intent and preference in the 2001 amendment and the reasoning in Mayeux. Finally, the defendant notes this court's holding in State v. Parker, XXXX-XXXX (La.App. 1st Cir.3/5/03), 845 So.2d 546, that a defendant should have been sentenced according to the amended provisions of the habitual offender law that were in effect when he was properly adjudicated a third felony habitual offender by the district court, was reversed by the Louisiana Supreme Court in *751 State v. Parker, XXXX-XXXX (La.4/14/04), 871 So.2d 317.
Based on the following, we find merit in this assignment of error. The instant offense occurred on or about October 10, 2002, and the defendant pled guilty on December 14, 2005. In suspending all but ten years of the defendant's eighteen-year, hard-labor sentence, the trial court applied the sentencing law in effect on the date of defendant's conviction, 2005 La. Acts No. 497, as opposed to the law in effect at the time defendant committed the offense.
As recently noted by the Louisiana Supreme Court in State v. Hyde, XXXX-XXXX (La.11/21/07), 968 So.2d 726 (per curiam), a strong presumption exists in Louisiana law that the statute in effect at the time of the offense governs the applicable punishment for the crime. The supreme court noted the exception to the rule made in Mayeux, which held that the ameliorative changes made by 2001 La. Acts. No. 1163 in the law of sentencing for third and fourth offense DWI convictions have limited retroactive application to crimes committed before its effective date when the defendant is convicted after that date. Hyde, XXXX-XXXX at pp. 1-2, 968 So.2d at 726. In Mayeux, the supreme court took into account several considerations, including the specific language of the 2001 amendments to La. R.S. 14:98, the intent of the legislature, and the social and public policy goals sought to be served ("to embrace treatment measures in preference to incarceration"). Mayeux, XXXX-XXXX at p. 5, 820 So.2d at 529.
However, in Hyde, the supreme court held that Mayeux has no application to cases in which the changes in the sentencing law are not ameliorative but increase the severity of the sentence by altering the terms and conditions under which the defendant must serve the penalty. The supreme court further held that retroactive application of 2005 La. Acts No. 497 to crimes committed before its effective date would raise significant questions under the ex post facto clauses of the federal and state constitutions that may be avoided by application of the general rule, rather than its single narrow exception in Mayeux, that the statute in effect at the time of commission of the crime governs the applicable sentence. Hyde, XXXX-XXXX at p. 2, 968 So.2d at 726-727; see also State ex rel. Olivieri v. State, XXXX-XXXX, pp. 15-16 (La.2/21/01), 779 So.2d 735, 744, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 & 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001) (adopting federal standard for determining ex post facto applications of the law, i.e., "whether the change alters the definition of criminal conduct or increases the penalty").
For a fourth offense DWI in 2002, the defendant was subject to imprisonment with or without hard labor for not less than ten years nor more than thirty years and a fine of five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. In accordance with the version of La. R.S. 14:98(E)(1)(a), in effect at the time of the commission of the instant offense (2002), the remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder. By contrast, in accordance with the 2005 amendment to La. R.S. 14:98(E)(1)(a), the court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment.
The trial court applied 2005 La. Acts No. 497 retroactively. According to the supreme court's holding in Hyde, this was a sentencing error. The trial court *752 should have applied the version of La. R.S. 14:98 in effect at the time of the commission of the instant offense. Thus, the sentence imposed by the trial court is illegally severe. The correction of the sentence lies within the trial court's sentencing discretion. Therefore, correction must be by remand for resentencing, rather than by an amendment by this court. Accordingly, we vacate the sentence imposed and remand this matter to the trial court for resentencing in accordance with law and the views expressed herein. See State v. Haynes, XXXX-XXXX (La.12/10/04), 889 So.2d 224 (per curiam). We pretermit discussion of the excessive sentence argument raised in assignment of error number two.

CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.