# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**BY KNOLL, J.**:

2013-C -2789    PAUL MASSEY v. LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS (Parish of E. Baton Rouge)

Accordingly, we reverse the judgment of the Court of Appeal and remand this case to the Department of Public Safety and Corrections with instructions to recompute Massey's sentence in accordance with Act 138, the law that was in effect at the time he committed his crimes.
REVERSED AND REMANDED TO THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.

VICTORY, J., concurs.
WEIMER, J., concurs and assigns reasons.
GUIDRY, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2013-C-2789

PAUL MASSEY

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

KNOLL, J.

This case concerns whether defendant, Paul Massey, is eligible to receive "good time" credits when the law changed after the offenses were committed, eliminating Massey's eligibility to earn early release.

In 2006, the Legislature amended the statute that gave inmates the capacity to earn early release from their prison sentence—"good time" credits—in exchange for good behavior and the performance of work or self-improvement activities. This amendment significantly narrowed the class of inmates qualified to receive good time credits, excluding from eligibility, as pertinent here, those convicted of felony carnal knowledge of a juvenile or molestation of a juvenile. Massey committed both felony carnal knowledge of a juvenile and *attempted* molestation of a juvenile[1] on August 9, 1994, in Sabine Parish. His victims, however, did not report his crimes to the authorities until 2004, and a jury did not convict Massey of these offenses until February 7, 2007. We are asked to decide which version of the good time statute applies to Massey—the law in effect at the time he committed his

---

[1] Massey argues *attempted* molestation is not an enumerated offense under La. Rev. Stat. § 15:571.3, even as it was enacted in 2006. Because we find the 2006 act does not apply to Massey, we do not reach this issue.

crimes, under which Massey unequivocally is eligible for, and indeed has earned, good time credits, *or* the law in effect at the time of his conviction, which denies him early release regardless of his demonstrated good behavior. Because the rescission of good time eligibility creates a significant risk of prolonging his incarceration and increases the severity of Massey's sentence by altering the terms and conditions under which he must serve his penalty, we find application of the amended law would violate the *ex post facto* clauses of the United States and Louisiana Constitutions. Applying the law in effect at the time the offenses were committed, we find Massey is eligible to receive good time credits and is entitled to have his time recomputed under the statute before it was amended.

## BACKGROUND AND PROCEDURAL HISTORY

At the time Massey committed his crimes, La. Rev. Stat. § 15:571.3, as then enacted, provided for good time eligibility to "[e]very inmate in the custody of the department who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months." 1991 La. Acts No. 138; La. Rev. Stat. § 15:571.3(B)(1) (1991). For ease of reference, we will refer to this earlier enacted version of § 15:571.3 as "Act 138." In 2006, the Legislature amended § 15:571.3 with its enactment of La. Acts No. 572. We will refer to this later version of § 15:571.3 as "Act 572." This later act narrowed the availability of good time credits by excluding from eligibility, among others, those convicted of felony carnal knowledge of a juvenile, in violation of La. Rev. Stat. § 14:80, or of molestation of a juvenile, in violation of La. Rev. Stat. § 14:81.2. La. Rev. Stat. § 15:571.3(B)(2)(b) (2006). Act 572 specified that its provisions "shall apply only to persons convicted of offenses on or after August 15, 2006." Although Massey committed the offenses on August 9, 1994, during the effective period of Act 138, he was *convicted* of his crimes on February 7, 2007—after Act 572 by its own terms had become effective. Ultimately, Massey was sentenced to six years at hard

2

labor for each of the two counts, with both terms to be served consecutively.[2]

The record reflects Massey sought to take advantage of the good time provisions available to him under § 15:571.3 as it was enacted at the time of his offenses.[3] Every iteration of Massey's master prison record that is before us indicates a full term release date of October 3, 2018. Likewise, each version of Massey's master prison record prior to July 20, 2011, shows Massey's good behavior earned him a release date which was consistently drawing nearer and nearer. Indeed, the master prison record dated June 14, 2007, reflects a diminution of sentence—or early release—date of April 4, 2012. Massey's master prison record from January 29, 2011, reveals an adjusted early release date of September 6, 2011, reflecting 221 days of good time credit Massey earned. This early release date reflects, among other things, 180 days of educational credits Massey earned for taking a welding class which ran from January 11, 2008 to May 10, 2010, and 18 days for educational credits he garnered for participating in "Personal Development Module 1" which he completed on May 21, 2010.

In July 2011, two months before he was scheduled for early release, Massey received an amended master prison record indicating that all of his good time credit had been revoked and that he would not be eligible for release until October 3, 2018. Massey filed a formal request for administrative relief as required by La. Rev. Stat. § 15:1172. Having exhausted the administrative process with the Department of Public Safety and Corrections affirming its amended computation of his sentence at each stage, Massey filed a petition for judicial review in the Nineteenth Judicial District Court according to La. Rev. Stat. § 15:1177. Citing *State ex rel. Olivieri v. State*, 00-0172 (La. 2/21/01), 779 So.2d 735, the

---

[2] The record reflects Massey was originally sentenced on March 2, 2007. On appeal, the First Circuit remanded Massey for resentencing which then took place on March 14, 2008.

[3] As Massey's master prison records and the July 28, 2011 letter he received from the Records Office indicate, Massey's sentence was computed under Act 572 from the first day of his sentence because he was "convicted on 02/07/07 and offenders were not being sentenced under Act 138 after 8/15/06 (effective date of Act 572)." According to the Records Office, Massey accrued good time credits due to an oversight, as he "should actually be under Act 572F (designated name of the Act by the Department of Corrections) which differs from Act 572 (which allows good time) in that **Act 572F does not allow good time.**"

3

commissioner assigned to review Massey's request also affirmed the Department's decision to apply Act 572, the law in effect at the time of his conviction in 2007. The District Court, adopting the commissioner's reasons, likewise affirmed the Department's decision. Massey then appealed this judgment to the First Circuit Court of Appeal under La. Rev. Stat. § 15:1177(A)(10). Also citing this Court's decision in *Olivieri*, the Court of Appeal affirmed the Department's computation of Massey's time, finding application of Act 572 did not violate the *ex post facto* clause because this post-offense change in the law did not "increase the penalty by which his crimes were punishable." *Massey v. Louisiana Dept. of Public Safety & Corrections*, 13-0241 (La. App. 1 Cir. 11/1/13), 2013 WL 5915742. We granted Massey's writ application to address both the lower court's interpretation of *Olivieri* and the *ex post facto* implications of the Department's decision to apply a statute which denies an inmate eligibility to earn good time credit when the inmate was eligible to earn good time credit under the law in effect at the time he committed his crimes. *Massey v. Louisiana Dept. of Public Safety & Corrections*, 13-2789 (La. 6/30/14), __ So.3d __.

### DISCUSSION

We review the judgment of the Court of Appeal as provided by La. Rev. Stat. § 15:1177. Section 15:1177(A)(9) lays out the exclusive grounds upon which this Court could reverse or modify the Department's decision. As relevant to Massey's petition for review, to rule in his favor, we must find his "substantial rights…have been prejudiced because the administrative findings, inferences, conclusions, or decisions are…[i]n violation of constitutional or statutory provisions." La. Rev. Stat. § 15:1177(A)(9)(a).

This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. *State v. Hyde*, 07-1314, p. 1 (La. 11/21/07), 968 So.2d 726;

4

*State v. Sugasti*, 01-3407, p. 4 (La. 6/21/02), 820 So.2d 518, 520; *State v. Wright*, 384 So.2d 399, 401 (La. 1980); *State v. Gros*, 18 So.2d 507 (La. 1944). This strong jurisprudential presumption has significant constitutional underpinnings. Both Article I, section 9 of the United States Constitution and Article I, section 23 of the Louisiana Constitution prohibit the enactment of any *ex post facto* law. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 1601 (1995); *Olivieri*, 00-0172 at p. 14, 779 So.2d at 743 (bringing Louisiana *ex post facto* law in line with federal jurisprudence). In accordance with the Framer's original understanding of the *Ex Post Facto* Clause, the United States Supreme Court has held that "the Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Morales*, 514 U.S. at 504, 115 S.Ct. at 1601; (citing *Calder v. Bull*, 3 U.S. (Dall.) 386, 391-92 (1798) (opinion of Chase, J.); *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S.Ct. 68, 68-69 (1925)). Massey argues that application of Act 572 denies him good time credit eligibility which was available to him under Act 138 violating this critical constitutional protection.

In order to weigh the merits of Massey's petition, we first must determine whether the Department seeks to apply a law "to events occurring before its enactment." *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 896 (1997). Here, Massey committed his crimes on August 9, 1994. The Department applied a law to his sentence that the Legislature did not pass until over a decade after these offenses occurred. Thus, the retroactive nature of the Department's application of Act 572 is unquestioned.

Under both federal and state law, our next task is to determine whether or not this retroactive application of the law violates the *ex post facto* prohibition by asking whether the change in the law alters the definition of criminal conduct *or* increases the punishment for the crime. *Id.*; *Morales*, 514 U.S. at 504, 115 S.Ct. at

5

1601; *Olivieri*, 00-0172 at pp. 15-16, 779 So.2d at 744. Our review is "limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level." La. Rev. Stat. § 15:1177(A)(5). Because Massey's petition alleges exclusively that application of Act 572 increases the penalty to which he is subject, we address only this narrow issue—that is, whether application of Act 572 increases Massey's punishment when it denies him eligibility for good time credits previously available to him under the law in effect at the time he committed his offenses.

In determining whether retroactive application of a law increases the punishment to which an inmate would be subject, the relevant inquiry is whether the change in the law "creates a significant risk of prolonging [the inmate's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251, 120 S.Ct. 1362, 1368 (2000); *Peugh v. United States*, __ U.S. __, 133 S.Ct. 2072, 2082 (2013) (citing *Garner* for the proposition that "[t]he touchstone of this Court's inquiry is whether a given change in law presents a 'sufficient risk of increasing the measure of punishment attached to the covered crimes'"). As we have stated it another way, retroactive application of a law increases a defendant's punishment in violation of the *Ex Post Facto* Clause when it "increase[s] the severity of the sentence by altering the terms and conditions under which defendant must serve the penalty." *Hyde*, 07-1314 at p. 2, 968 So.2d at 726 (finding that application of a sentencing law enacted post-offense runs afoul of the *ex post facto* prohibition).

Regardless of the test we employ, the Department's retroactive application of Act 572 to Massey's sentence cannot withstand *ex post facto* scrutiny. Indeed, Massey has unequivocally endured a *longer sentence* because the Department chose to apply a law that was not enacted at the time he committed his crimes. As the record clearly reflects, Massey could have been released as early as 2011 if the

6

Department had not revoked the credits he had earned.[4]  Therefore, in Massey's case, application of the later enacted Act 572 has not created merely a hypothetical "significant risk" of prolonging his incarceration. The Department's application of Act 572 has actually prolonged his incarceration by a number of *years*. Additionally, by denying Massey good time credit that would have been available to him at the time he committed his offense, the Department has certainly increased Massey's penalty by altering the "the terms and conditions under which [he] must serve the penalty." *Hyde*, 07-1314 at p. 2, 968 So.2d at 726. Thus, we find retroactive application of Act 572 increases Massey's punishment and, accordingly, violates the prohibition against the application of *ex post facto* enactments.

Moreover, as Massey has highlighted in his arguments before every tribunal that considered his petition for review, both this Court and the United States Supreme Court have held retroactive application of a law denying an inmate eligibility to earn credits for good conduct unquestionably increases the punishment to which an inmate would be subject and, therefore, violates the prohibition against *ex post facto* enactments. *Weaver v. Graham*, 450 U.S. 24, 35-36, 101 S.Ct. 960, 968 (1981) (statute retroactively reducing the number of good time credits an inmate was eligible to receive changed the "quantum of punishment" and, therefore, violated the prohibition against *ex post facto* laws); *State v. Singleton*, 96-2380 (2/7/97), 688 So.2d 486 (retroactive application of statute eliminating eligibility for good time credit violates the *Ex Post Facto* Clause); *State ex rel. Bickman v. Dees*, 367 So.2d 283, 289 (La. 1978) (retroactive application of change in formula for computing good time credits and reducing the

---

[4] We are unable to determine from the record *exactly* when Massey should have been released. As we explain *infra*, see note 3, the Department has computed Massey's good time under some portion of Act 572 throughout his entire incarceration. Prior to revoking entirely his eligibility to earn good time, the Department computed Massey's good time credits under a portion of Act 572 which allowed him to receive thirty-five days of good time credit for every thirty days of good behavior. If the Department had properly computed his good time credits under Act 138, Massey should have received *thirty days* of good time credits for every thirty days of good behavior in custody.

rate of accrual violated the *Ex Post Facto* Clause); *State v. Curtis*, 363 So.2d 1375, 1378-83 (La. 1978). The lower courts erred in failing to follow this jurisprudence.

Although the United States Supreme Court, in *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715 (1990), tightened the focus of the *ex post facto* inquiry, neither *Collins* nor its progeny has called into question the conclusion reached in *Weaver v. Graham* that retroactive application of a law reducing the number of good time credits an inmate is eligible to receive violates the *Ex Post Facto* Clause. *Weaver*, 450 U.S. at 35-36; 101 S.Ct. at 968. While prior to *Collins*, the *ex post facto* inquiry centered on whether retroactive application of a law "disadvantaged the offender affected by it," the *Collins* Court refined this analysis, focusing on two important brands of "disadvantage." As the post-*Collins* Supreme Court explained in *Lynce*,

> To fall within the *ex post facto* prohibition, a law must be retrospective-that is, "it must apply to events occurring before its enactment"-and it "must disadvantage the offender affected by it," [*Weaver*, 450 U.S.] at 29, 101 S.Ct., at 964, by altering the definition of criminal conduct or increasing the punishment for the crime, see *Collins v. Youngblood,* 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30 (1990).

519 U.S. at 441, 117 S.Ct. at 896.

Although the Supreme Court decided *Collins* decades after *Weaver*, the Court reexamined *Weaver* in *California Department of Corrections v. Morales*, 514 U.S. at 506 n. 3, 115 S.Ct. at 1602, five years after its decision in *Collins*. Discussing its pre-*Collins* decisions, the Court noted that several decisions, including *Weaver*, contained language indicating a law which operates to the "disadvantage" of covered offenders by changing the measure of criminal punishment fell within the *ex post facto* prohibition. According to the *Morales* Court, this *language* was "unnecessary to the results in those cases and is inconsistent with the framework developed in *Collins* [ ]." Although the *Morales* Court was clear that the focus of the analysis had narrowed, it was also clear the

8

problematic *language* in *Weaver* was "unnecessary" to the result in that case. Indeed, nothing in *Morales* called into question the holding of *Weaver* "that the *Ex Post Facto* Clause forbids the States to enhance the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range." *Morales*, 514 U.S. at 505, 115 S.Ct. at 1601.

The United States Supreme Court examined *Weaver* again in *Lynce*, another post-*Collins* decision, addressing whether a law retroactively eliminating for certain classes of offenders overcrowding credits—that is, credits which the Court recognized were similar to the good time credits at issue in *Weaver* because both credits were dependent on an inmate's good conduct—violated the *Ex Post Facto* Clause. 519 U.S. at 441-47, 117 S.Ct. at 896-98. Applying *Weaver* and *Morales*, the Court determined the California law did, indeed, run afoul of the *ex post facto* prohibition. *Id.* at 519 U.S. at 447, 117 S.Ct. at 898.

The Court of Appeal erred in finding *Olivieri* supported its decision to deny Massey relief. In *State ex rel. Olivieri v. State*, this Court made the Louisiana *ex post facto* prohibition found in Article I, section 23 of the Louisiana Constitution coextensive with the federal prohibition against the enactment of *ex post facto* laws provided in Article I, section 9 of the United States Constitution. 00-0172 at pp. 15-16, 779 So.2d at 744. Therefore, if federal jurisprudence condemning the retroactive application of a law denying an inmate eligibility for good time credits remained unchanged post-*Collins*, then Louisiana jurisprudence similarly remained unchanged as well post-*Olivieri*. Thus, our holdings in *Singleton*, *Bickman*, and *Curtis* similarly support Massey's position that the Department's retroactive application of Act 572 violates the *Ex Post Facto* Clause. Both based on the precedents of this Court and of the United States Supreme Court, as well as on our assessment that the retroactive application of Act 572 increases the measure of punishment for Massey's crimes, we find Massey's substantial rights have been

9

violated by the Department's application of Act 572 in violation of the *Ex Post Facto* Clause, and we reverse the Department's computation of Massey's time.

Accordingly, we reverse the judgment of the Court of Appeal and remand this case to the Department of Public Safety and Corrections with instructions to recompute Massey's sentence in accordance with Act 138, the law that was in effect at the time he committed his crimes.

**REVERSED AND REMANDED TO THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**.

# SUPREME COURT OF LOUISIANA

## NO. 2013-C-2789

### *PAUL MASSEY*

### *VERSUS*

### *LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS*

### ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**VICTORY, J.,** concurs.

**10/15/14**

# SUPREME COURT OF LOUISIANA

## NO. 2013-C-2789

## PAUL MASSEY

## VERSUS

## LOUISIANA DEPARTMENT OF
## PUBLIC SAFETY & CORRECTIONS

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT,*
*PARISH OF EAST BATON ROUGE*

**WEIMER, J.**, concurring.

I agree with the result and respectfully concur. I believe this case can be resolved by applying the holdings of **State v. Singleton**, 96-2380 (La. 2/7/97), 688 So.2d 486, **State ex rel. Bickman v. Dees**, 367 So.2d 283, 289 (La. 1978), and **State v. Curtis**, 363 So.2d 1375, 1379-83 (La. 1978), as recognized by the majority. Because these cases are dispositive in applying the *ex post facto* law of Louisiana,[1] an analysis of relevant United States Supreme Court jurisprudence is unnecessary.

Furthermore, **State ex rel. Olivieri v. State**, 00-0172 (La. 2/21/01), 779 So.2d 735, is distinguishable from the instant matter since it did not involve retroactive changes in criminal punishment; rather, it addressed whether the application of the remedial provisions of Louisiana's sex offender registration and notification laws to crimes occurring before the enactment of these provisions violate *ex post facto* principles. See *Id.* 00-0172 at 19-21, 779 So.2d at 747 48.

---

[1] See La. Const. art. I, § 23.

It is worth noting that since 1981, release of an inmate due to credit for good time has been "as if he were released on parole," and the former inmate remains under state supervision for "the remainder of the original full term of sentence." <u>See</u> La. R.S. 15:571.5(B)(2).  Thus, although released from incarceration, the former inmate will remain under state supervision for the full term of his original sentence.

For these reason, I respectfully concur.

## SUPREME COURT OF LOUISIANA

## No. 2013-C-2789

## PAUL MASSEY

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

**GUIDRY, Justice, dissents and assigns reasons.**

I respectfully dissent from the majority opinion today because this case is not in the proper posture for this court's review. The attorney general was neither served nor notified of the plaintiff's challenge attacking the constitutionality of La. Rev. Stat. 15:571.3, amended by Acts 2006, No. 572, as required by La. Code Civ. Proc. art. 1880, so that the attorney general could elect whether or not to exercise his statutory right to represent the state's interests in the proceedings prior to the declaration of unconstitutionality. *See* La. Rev. Stat. 49:257(B); *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859, 865.