Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,990-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

TONYA AVANT SANDIFER                         Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 43,909

Honorable Anastasia S. Wiley, Judge

* * * * *

DeVAN PARDUE ATTORNEY, LLC          Counsel for Appellant
By: Ashton DeVan Pardue

CHRISTOPHER NEVILS                  Counsel for Appellee
District Attorney

COLE B. SMITH
Assistant District Attorney

* * * * *

Before PITMAN, MARCOTTE, and ELLENDER, JJ.

**PITMAN, C. J.**

Defendant Tonya Avant Sandifer appeals her 25-year sentence for a conviction of distribution of methamphetamine. For the following reasons, we affirm.

## FACTS

This is the third time this matter has been before this court. In *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212 ("*Sandifer I*"), this court provided the following background:

> Tonya Avant Sandifer was charged by bill of information with distribution of methamphetamine, a Schedule II CDS, in violation of La. R.S. 40:967A, and attempted distribution of methamphetamine, a Schedule II CDS, in violation of La. R.S. 40:967A and 14:27. These offenses were committed on May 10 and 16, 2016.
>
> The Winn Parish Sheriff's Office and the Louisiana State Police Department ("LSP") were investigating drug crimes in Winn Parish. Raymond Durbin was employed by the police as a confidential informant ("CI") to confect a drug deal between Sandifer and an undercover LSP officer, Sergeant William Moore. On May 10, 2016, Sgt. Moore was working undercover using the alias, "Luke," when he met Sandifer, Durbin and Misty Holmes at Gum Springs Park in Winn Parish. Durbin introduced Sandifer to "Luke," and Sandifer entered the passenger's side of Luke's vehicle. Sandifer sold the undercover officer one ounce of methamphetamine (approximately 28 grams) for $700. The methamphetamine from the purchase was transferred to the North Louisiana Crime Lab.
>
> Sandifer and "Luke" exchanged cell phone numbers and texted one another over the next few days. Through a text message, "Luke" requested another drug buy in the amount of four ounces of methamphetamine. Sandifer checked with her supplier and informed the undercover agent that the price would be $2,450. He agreed to the price, and the two agreed to meet at Gum Springs on May 16, 2016, to complete the transaction.
>
> Due to the risk associated with large drug deals, Officer Patrick Deshautelle, the LSP case agent in charge of the operation, decided to intercept the drugs before they were delivered to Sandifer. On May 16, 2016, Ramonta Jackson, Sandifer's alleged supplier, was apprehended by a state trooper while

Jackson was en route to meet Sandifer. Some four ounces of a substance was recovered from Jackson's vehicle; it later tested positive for methamphetamine.

Luke (Sgt. Moore) and Sandifer met on May 16, 2016, as scheduled, but Sandifer informed him that her supplier had been stopped by a state trooper. Sandifer attempted to find a second supplier, but was unable to procure any drugs to sell to the agent. Three months later, Sandifer was arrested on August 10, 2016. At trial, Sandifer testified that Durbin was living with her and that it was his idea to sell drugs, and in fact it was Durbin who introduced her to the undercover officer she knew as Luke.

The jury unanimously found Sandifer guilty of distribution of methamphetamine and, by an 11-1 vote, found her guilty of attempted distribution.

On February 19, 2019, Sandifer appeared for sentencing. The court stated that it had reviewed the sentencing guidelines of La. C. Cr. P. art. 894.1, and concluded that it should impose a sentence of imprisonment because any other sentence would not adequately reflect the seriousness of the offenses. The court stated that illegal drugs are the source of most of the evil that occurs in the world. It noted the destructive effect drugs have on individual lives and families, as drug use tears at the fabric of our society. The court also opined that distribution of drugs is a far more egregious offense than mere possession, and, in this case, the defendant was convicted of distribution and attempted distribution of large quantities of methamphetamine. Finding no mitigating factors in the case, the court concluded that the facts of the case warrant substantial terms of imprisonment. Accordingly, the court sentenced Sandifer to 25 years at hard labor for the distribution conviction and 15 years at hard labor for the attempted distribution conviction. The court ordered that the sentences were to be served consecutively.

Sandifer filed a motion to reconsider sentence on grounds that the sentence is excessive and not commensurate with the crimes for which the defendant was convicted. The trial court denied the motion, stating that the sentences were "correct."

In *Sandifer I*, Defendant appealed her convictions and sentences. This court affirmed her convictions. Although this court determined that the trial court did not abuse its discretion by imposing the individual sentences, it found that the record did not support the imposition of consecutive

2

sentences. This court vacated her sentences and remanded for resentencing with concurrent sentences, or alternatively, to specify the reasons why consecutive sentences are warranted. On remand, the trial court imposed the same consecutive sentences.

In *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270 ("*Sandifer II*"), Defendant appealed her convictions and sentences under *Ramos v. Louisiana*, 590 U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020). This court affirmed her conviction for distribution of methamphetamine. Noting that the jury verdict was not unanimous for the conviction of attempted distribution of methamphetamine, this court vacated that conviction. Finding that, on remand, the trial court imposed the same consecutive sentences without providing an adequate factual basis, this court vacated the sentences and remanded the case for further proceedings.

On remand, a sentencing hearing was held on April 14, 2022. The trial court[1] stated the history of Defendant's case, including *Sandifer I* and *Sandifer II*. It then detailed the presentence investigation report. It noted Defendant's criminal history and that the distribution of methamphetamine conviction is her first felony conviction.

Two witnesses testified on Defendant's behalf. Lydia Wilson testified that she runs a dog shelter, that inmates work at the shelter and that Defendant has worked there for a year. She stated that Defendant is honest, loyal and trustworthy. She testified that the plan is for Defendant to eventually run the shelter, and she opined that Defendant had been

---

[1] Judge Jacque Derr was the judge at trial and imposed the sentences reviewed by this court in *Sandifer I* and *Sandifer II*. Judge Anastasia Wiley sentenced Defendant in the case now before this court. Prior to sentencing, Judge Wiley ordered a new presentence investigation report.

rehabilitated and accepted responsibility. Lowell Hubbard testified that he had known Defendant all of her life, that she has had ups and downs, that she is an honest person and that she has rehabilitated herself.

The trial court considered La. C. Cr. P. art. 894.1 and stated that there is an undue risk that during the period of a suspended sentence or probation Defendant would commit another crime, that she is in need of correctional treatment or a custodial environment and that a lesser sentence will deprecate the seriousness of the crime. It stated that Defendant admitted to selling drugs, knowingly created a risk of death or great bodily harm to more than one person and obtained substantial income from the ongoing drug activities. It noted that before the instant conviction, Defendant led a mostly law-abiding life, and it acknowledged the testimony of Wilson and Hubbard. It also found that Defendant had taken steps to better herself while incarcerated and that she has benefited from correctional treatment. It stated that Defendant sold approximately 28 grams of methamphetamine; and, therefore, it is within the court's discretion to impose a near-maximum sentence. It sentenced Defendant to serve 25 years at hard labor for the conviction of distribution of methamphetamine.

Defendant appeals this sentence.

**DISCUSSION**

Defendant argues that the sentence imposed is unconstitutionally excessive. She contends that there is no adequate basis for such a harsh sentence for a first-felony offender, that the trial court disregarded the information in the presentence investigation report that contained language suggestive of a probated sentence and that the trial court failed to make any effort to particularize the sentence to her. She also notes amendments to La.

4

R.S. 40:967 and that the statutory maximum sentence for her conviction was reduced in the newer version of the statute.

The state argues that Defendant's sentence is justified by the facts and circumstances in this case and is not unconstitutionally excessive. It notes that Defendant had the benefit of two different trial judges presiding over her sentencing hearings and was sentenced to 25 years at hard labor at each of those three sentencing hearings.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, but the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

5

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

At the time Defendant committed the crime of distribution of methamphetamine in 2016, La. R.S. 40:967(B)(1) stated:

> A substance classified in Schedule II which is an amphetamine or methamphetamine . . . shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

A strong presumption exists in Louisiana law that the statute in effect at the time of the offense governs the applicable punishment for the crime. *State v. Hyde*, 07-1314 (La. 11/21/07), 968 So. 2d 726. The general rule applies even when the changes in sentence are ameliorative in nature. *Id*.; *but see State v. Mayeux*, 01-3195 (La. 6/21/02), 820 So. 2d 526 (where the Louisiana Supreme Court made an exception to this rule).

This court addressed the amendment of the sentencing range in *Sandifer I* and stated:

> On review, we conclude that the sentences imposed by the court are indeed very severe, particularly in view of the legislature's intent to lessen the penalties for certain drug crimes by enacting by 2017 La. Acts 281, § 2. Act 281 reduced the maximum sentencing exposure for the instant offenses to 20 years instead of 30 and, thus, reduced the maximum for attempted distribution to 10 years instead of 15. However, even though Sandifer was sentenced after the amendment was in effect for offenses committed after 2017, the court correctly applied the

6

2016 version of the statute when the offenses were committed. It was, therefore, within the court's discretion to impose a near-maximum sentence of 25 years for distribution . . . .

Similarly, in the appeal now before this court, we find that the trial court did not abuse its discretion when sentencing Defendant to 25 years at hard labor for the conviction of distribution of methamphetamine. The transcript of the sentencing hearing shows that the trial court complied with La. C. Cr. P. art. 894.1. It found that the circumstances of La. C. Cr. P. art. 894.1(A) applied to this case and that a sentence of imprisonment was appropriate. It also noted the applicable grounds set forth in La. C. Cr. P. art. 894.1(B). It detailed the contents of the presentence investigation report, including Defendant's personal and criminal history, and noted that the distribution conviction is Defendant's first felony conviction. It also addressed the testimony of the witnesses and Defendant's work to better herself while incarcerated. The 25-year sentence imposed by the trial court is within the statutory limits of the 2016 version of La. R.S. 40:967, and it is not out of proportion to the seriousness of the offense.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the sentence of Defendant Tonya Avant Sandifer.

**AFFIRMED.**

7